

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

B&B DEPARTMENT STORES SOUTH, LLC,
PLAINTIFF

Vs.

CIVIL NO. 21-19306 (GC)

ND RETAIL, et al,
DEFENDANTS

**JANUARY 12, 2023**
CLARKSON S. FISHER COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

B E F O R E: THE HONORABLE GEORGETTE CASTNER
U.S. DISTRICT COURT JUDGE
DISTRICT OF NEW JERSEY

**COURT'S OPINION ON DEFENDANTS QUIET STORM'S & WILLIAM DREIBELBIS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION/IMPROPER VENUE/DOCTRINE OF FORUM NON CONVENIENS**

FRANCIS J. GABLE, C.C.R., C.R.R.
OFFICIAL U.S. REPORTER
(856) 889-4761

THE COURT: We are on the record in the matter of B&B Department Stores South, LLC v. ND Retail, et al, Docket Number 21-19306. This matter comes before the Court upon Defendants Quiet Storm's and William Dreibelbis' Motion to Dismiss for lack of personal jurisdiction, improper venue and the doctrine of forum non conveniens. Plaintiff opposed the motion. I have carefully considered the parties' submissions and set forth my ruling on the Motion on the record today without oral argument, pursuant to Local Rule 78.1. For the reasons set forth on the record today, and for good cause, Defendants' Motion to Dismiss is denied.

This is an action for the misappropriation of trade secrets under both Federal and New Jersey state law, breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, unjust enrichment and tortious interference with a contract. (Compl. ¶ 1.) According to the Complaint, Plaintiff B&B Department Stores South, LLC ("B&B") is a New Jersey limited liability company, having its principal place of business located in Brick, New Jersey. Plaintiff's company is managed by Helen Bertole of Interlaken, New Jersey. (Compl. ¶ 1.) Defendant ND Retail, LLC, doing business as Quiet Storm Surf & Turf ("Quiet Storm"), is a Maryland business entity having its principal place of business located in Ocean City, Maryland. (Compl. ¶ 2.) Defendant, William Dreibelbis ("Dreibelbis"), is an individual

whose domicile, upon information and belief, is the State of Maryland, although he claims to reside in Florida. (*See* Def. Mot. to Dismiss at 3.) Quiet Storm is owned and managed by Dreibelbis. (Compl. ¶ 3.)

00:03 Pursuant to the Complaint, Plaintiff is highly successful and profitable retail department store chain founded in the 1970s, and is located in the central and southern parts of the Jersey Shore. (Compl. ¶ 10.) Plaintiff sells beach and surf wear as well as beach accessories, home wares and novelty and souvenir items. (Compl. ¶ 11.) Plaintiff has four New Jersey retail locations located in Ocean City, Beach Haven, Ship Bottom and Sea Girt. (Compl. ¶ 12.) Plaintiff leases their Ocean City and Beach Haven locations from DABA Company, LLC, which is the landlord. (Compl. ¶ 16.) Plaintiff leases their Ship Bottom and Sea Girt locations from other distinct entities. (Compl. ¶ 17.) Plaintiff's headquarters, distribution and processing facility is located in Brick, New Jersey, and is owned by Philip Bertole, LLC. (Compl. ¶ 18.)

Plaintiff alleges that one of their key advantages is that they have substantial and long-standing relationships with suppliers and customers (Compl. ¶ 19), and they have devoted a large amount of time, money and resources into the marketing strategy, growing their assets to expand their market, and training their sale and management workforce.

(Compl. ¶ 20.) One of these members of the workforce is co-defendant Zawrotniak, who had served as the B&B senior buyer for over 10 years. (Compl. ¶ 20.) Zawrotniak had worked for Bertole for nearly 15 years prior to her time with B&B. (Compl. ¶ 25.) In early 2020 Plaintiff engaged Peapack Gladstone Bank ("PGB") to serve as B&B's financial advisor in their attempted sale of their retail stores and distribution facility (hereinafter, the "Business"). (Compl. ¶ 39.) PGB found that defendant, Quiet Storm, through Dreibelbis was interested in purchasing B&B. As a result, PGB mandated that Quiet Storm and Dreibelbis execute a Confidentiality Agreement. (Compl. ¶ 48.) The Agreement noted that Quiet Storm would have access to Plaintiff's confidential information, but it barred them from doing impermissible things with the confidential information, such as disclosing the information, using it for anything other than evaluating the potential transaction, and soliciting Plaintiff's employees. (Compl. ¶ ¶ 51-59.)

After Quiet Storm executed the Confidentiality Agreement, PGB provided them a Confidential Information Memorandum which identified and disclosed B&B's name and confidential information, such as the particulars about B&B's operations, sales and marketing, competition, facilities, management and staff, as well as B&B's financial overview. (Compl. ¶ ¶ 60-61.) Plaintiff alleges that after entering

into the Confidentiality Agreement and receiving the Confidential Information Memorandum, Quiet Storm and Dreibelbis proceeded to wrongfully use B&B's confidential information and trade secrets for their own financial advantage and strategic gain. Specifically, Plaintiffs allege that Quiet Storm and Dreibelbis unlawfully solicited and unsuccessfully poached B&B's employee, Zawrotniak from Plaintiff (Compl. ¶ 66), which allegedly caused Plaintiff serious economic damages. Dreibelbis then, without their consent, went around PGB and attempted to negotiation directly with Bertole in violation of the Confidentiality Agreement. (Compl. ¶ 86.) Dreibelbis, also without the consent of Plaintiff or PGB, contacted Plaintiff's landlord to renegotiate two of Plaintiff's leases.

To meet their burden of proof for the Court to exercise personal jurisdiction, the Plaintiff must establish sufficient contacts between the Defendant and the forum state with reasonable particularity. Once the Plaintiff presents a prima facie case, "the burden of proof shifts to the defendant, which must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Telebrands Corp. v. Mopnado*, No. CV21407969JLLJAD, 2016 WL 368166, at *3 (D.N.J. Jan. 12, 2016), report and recommendation adopted, No. CV147969JLLJAD, 2016 WL 355072 (D.N.J. Jan. 28, 2016)(citing *Breckenridge*

*Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1362 (Fed.Cir. 2006)).

A district court sitting in New Jersey may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the New Jersey Long Arm Statute. The New Jersey Long Arm Statute permits the same protections afforded by the Due Process Clause under the Fourteenth Amendment. Therefore, the Court may exercise personal jurisdiction so long as "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Henry Heide, Inc. v. WRH Prods. Co., Inc.*, 766 F.2d 105 (3d Cir. 1985)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316(1945)). "Minimum contacts can be analyzed in the context of general jurisdictional or specific jurisdictional." General jurisdiction results from, among other things, "systemic and continuous" contact between a nonresident defendant and the forum state. "Specific jurisdiction over a defendant exists when the defendant has 'purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'"

Here, based on my review of the Complaint and the motion papers, there does not appear to be general jurisdiction over Defendants Quiet Storm and William

Dreibelbis.

With respect to specific jurisdiction, the Third Circuit has established a three-part test for determining when a court can assert specific jurisdiction over a defendant. *See O'Connor v. Sandy Lane Hotel, Co.*, 496 F.3d 312 (3d Cir. 2007). First, the Defendant must purposefully direct his activities at the forum. A defendant need not physically enter a state to purposefully direct their actions at a state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Electronic communications directed at a party in the forum state can satisfy this prong. *Grant Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993). E-mails, calls and letters are forms of communication that can show whether a party purposefully availed themselves in a specific forum. *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001).

Here, I find that Defendants Quiet Storm and William Dreibelbis purposefully directed its activities at New Jersey.

First, Defendants entered into a Confidentiality Agreement in hopes of buying B&B, a New Jersey based business. This deal was brokered by PGB, B&B's financial advisor, who was also located in New Jersey. Paragraph 11 of the Confidentiality Agreement made B&B a third-party beneficiary to the Agreement by and between Defendants and PGB, and that any dispute under the Agreement would be subject to New Jersey

law. Defendants also entered into a Letter of Intent to buy B&B with B&B's counsel. B&B's counsel is located in New Jersey. Additionally, B&B's physical business is also located in New Jersey. Defendants made many e-mails, telephone calls and other forms of communication directed at New Jersey in hopes of acquiring a New Jersey business footprint.

Defendants also personally reached out directly to Bertole. Both the Letter of Intent and the Confidentiality Agreement spelled out each party's contact person, and Defendants allegedly ignored this by contacting Bertole, a New Jersey resident, directly. Defendants further purposefully directed their activities at New Jersey when they allegedly unlawfully solicited and poached Zawrotniak from B&B. The alleged unlawful action directly impacted a New Jersey business, B&B. Most notable, Defendants contacted B&B's landlord and told the landlord that B&B intended to sell their business. Defendants asked the landlord to extend the leases on B&B's Ocean City and Beach Haven locations by five years and offered to pay double the current rent. Not only did these communications violate the Confidentiality Agreement as alleged in the Complaint, but this is also strong evidence that Defendants directed their activities at New Jersey.

The Court finds Defendants' argument that there is no jurisdiction over Defendant ND Retail, LLC, because it was not a party to the Confidentiality Agreement, unavailing.

First, Defendants admit they operate retail stores under the name Quiet Storm in Ocean City, Maryland, and that ND Retail operates under the trade name, Quiet Storm. And that's set forth in Defendant's Motion to Dismiss papers. Also based on the parties' submissions and the public business records, Quiet Storm is solely a trade name of ND Retail, and ND Retail has an address of 1 North Division Street in Ocean City, Maryland, the same address Mr. Dreibelbis used when signing the Confidentiality Agreement on behalf of Quiet Storm as its managing partner. Moreover, the Agreement applies to Quiet Storm, as well as the affiliates and subsidiaries. It appears that Mr. Dreibelbis used the Quiet Storm name in furtherance and on behalf of ND Retail's business. As a result, the Court finds that Defendants, both Quiet Storm and Dreibelbis, purposefully directed their activities at the forum state.

Second, the case must arise out of or relate to at least one of the activities mentioned under the first factor. Here, it is clear that this case arises out of Defendants' activities in New Jersey. Dreibelbis made many phone calls to New Jersey whether to speak with PGB, or when circumnavigating PGB by calling Bertole directly or Bertole's landlord. Dreibelbis, on behalf of Quiet Storm, entered into a Confidentiality Agreement in an attempt to acquire a New Jersey based business that was governed by New Jersey law. Additionally, Dreibelbis allegedly and unlawfully solicited

and poached Zawrotniak from Plaintiff. All the alleged unlawful conduct was directed at Plaintiff who is located in New Jersey. Therefore, the case arises out of Defendants' alleged unlawful conduct in New Jersey.

00:13 The third and final factor for determining specific jurisdiction is evaluating whether the exercise of jurisdiction falls in line with fair play and substantial justice. "The Supreme Court has indicated that lower courts addressing the fairness question may consider 'the burden on 00:13 the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies.'" *See Miller Yacht Sales, Inc. v. Smith*, 384 00:13 F.3d 93, 97 (3d Cir. 2004).

The Court finds that exercising jurisdiction falls in line with fair play and substantial justice. Litigating this case in New Jersey would not serve as a great burden on Defendants. It appears that Defendants are located on the 00:14 East Coast, not far from New Jersey. Also, the increased use of electronic communications in the litigation process eases the burden of traveling for depositions. To add, New Jersey has a large interest in hearing this case because a New Jersey based business was allegedly harmed by Defendants' conduct. 00:14 Finally, hearing the case would also be the most efficient for

Plaintiff in obtaining the most efficient resolution of this controversy here in New Jersey. The Court finds that all three factors are satisfied for this Court to exercise specific personal jurisdiction over Defendants Quiet Storm and Dreibelbis.

With respect to venue, 28 U.S.C. 1391(b)(3) provides that venue is proper in "any *jurisdictional district in which any defendant is subject to the Court's personal jurisdiction with respect to such action." Since the Court finds that it has personal jurisdiction over Quiet Storm and Dreibelbis, venue is proper under Title 28 U.S.C. 1391(b)(3).

The Court also rejects Defendants' *Forum Non Conveniens* argument. A federal court has discretion to dismiss a case on the ground of forum non conveniens "when an alternative forum has jurisdiction to hear the case, and... trial in the chosen forum would establish...oppressiveness and vexation to a defendant...out of all proportion to plaintiff's convenience, or...the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). The Supreme Court refers to Forum Non Conveniens as "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined. That's

*American Dredging Co. v. Miller*, 510 U.S. 443, 449 (1994). Here, Defendants do not put forward any compelling conditions or circumstances in this case as to why jurisdiction should be denied in New Jersey or why venue in New Jersey would be oppressive. As a result, the Court will not dismiss this case under the doctrine of *Forum Non Conveniens*.

With respect to transferring this case to an alternative court, 28 U.S.C. 1404(a) permits a case to be transferred "[f]or the convenience of parties and witnesses in an interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, Defendants have not provided any compelling reasons why the case should be transferred. Although Dreibelbis alleges he is a resident of Florida, it appears he is the only one who would be inconvenienced by a New Jersey based venue. Inconvenience alone is not enough for this Court to transfer the case. B&B, PGB and their witnesses are all located in New Jersey; so too are their books and records. Additionally, in the interest of justice, the Court has an interest in hearing the case that involves alleged harm suffered by a citizen of this State.

For the reasons stated above, it is ordered that Defendants Dreibelbis' and Quiet Storm's Motion to Dismiss for lack of personal jurisdictional is denied. An appropriate order will be entered on the docket.

This matter is adjourned.

\- - -

"I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter."

/S/ Francis J. Gable, C.C.R., C.R.R. January 17, 2022

___________________________ ________________

Signature of Court Reporter Date